IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-02-46 (2) |
| | § | |
| KELLY ARKADIE, | § | |
| | § | |
| Defendant. | § | |

## ORDER STRIKING MOTION FOR COPIES

By judgment signed August 1, 2008, the Court revoked Defendant Kelly Arkadie ("Arkadie") term of supervised release and imposed a term of imprisonment. (D.E. 198; see also D.E. 194 (minutes from July 30, 2008 revocation proceedings).) Arkadie timely appealed, via his appointed counsel Joel Thomas, and his appeal remains pending. See generally docket in United States v. Arkadie, No. 08-40801 (5th Cir.). According to the Fifth Circuit's docket sheet in the case, Mr. Thomas filed an Anders brief and a motion to withdraw, and Arkadie has filed a response. See id.

On December 19, 2008, the Clerk received from Arkadie a one-page document in which he requests copies of his trial transcripts, sentencing transcript, and all papers that were entered as evidence at trial and also at sentencing. He also requests copies of the transcripts in his revocation proceedings. Finally, he requests that the Court urge his attorney to provide him with a copy of "all paper" pertaining to his case, as well as the names and cell phone numbers of "both DEA agents."

As an initial matter, the Court reminds Arkadie that it has previously warned him and ultimately sanctioned him in the form of a $50 fine for filing frivolous motions in this criminal

1

action. (D.E. 170, May 4, 2005 Order Imposing Sanctions). Specifically, the Court ruled that, based on his multiple frivolous filings, a $50 fine was warranted and that filings by Arkadie in his criminal case would be stricken until he paid the fine. (D.E. 170.) The court has also stricken one filing by him in reliance on the sanctions order. (D.E. 173.) Since the issuance of the sanctions order, the Court has exercised its discretion to address certain *pro se* filings by Arkadie that directly related to the prosecution of his appeal. Nonetheless, the Court's sanctions order remains in effect.

The docket sheet in his case indicates that Arkadie still has not paid the $50 fine. Until he does so, the Court's prior order stands. That order requires that motions filed by him in his criminal case shall be stricken. Accordingly, his latest filing is hereby STRICKEN from the record.

Finally, the Court notes that Arkadie's appeal is currently pending before the Fifth Circuit, and although Mr. Thomas has moved to withdraw, he is currently counsel of record for Arkadie. If Arkadie wants documents or other information from his attorney, the proper way to obtain those documents is to request them from his counsel, not to motion this Court.

It is so ORDERED this 29th day of December, 2008.

_____
Janis Graham Jack
United States District Judge